George OKOLINSKY, Appellant,

v.

**PHILADELPHIA, BETHLEHEM AND NEW ENGLAND RAILROAD COMPANY.**

No. 13131.

United States Court of Appeals Third Circuit.

Argued April 21, 1960.

Decided Aug. 25, 1960.

Donald J. Farage, Philadelphia, Pa., for appellant.

Theodore Voorhees, Philadelphia, Pa. (F. Hastings Griffin, Jr., Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and GOODRICH and KALODNER, Circuit Judges.

BIGGS, Chief Judge.

The plaintiff Okolinsky, a citizen of New York, was injured at the Iron Hill yard of the Philadelphia, Bethlehem & New England Railroad, a Pennsylvania corporation. The Railroad lies entirely within the limits of the City of Bethlehem, Pennsylvania, and its tracks connect with those of at least three interstate carriers. The Railroad primarily serves the plant of the Bethlehem Steel Company and other local industries. In 1951, the Railroad decided to enlarge its yards

by adding 13 miles of track to its then total of 50 miles of trackage. It did not employ a general contractor but parcelled out the work to a number of "independent" contractors, and controlled and co-ordinated the work of each contractor by means of extremely precise and detailed specifications describing how and when the work was to be done. T. F. Scholes, Inc., a company specializing in track construction, was engaged by the Railroad to lay the new trackage.

At the time of the accident the plaintiff was employed by Scholes as a "hooker" on a "burro" crane owned by it. The crane had put in motion a car belonging to the Railroad, containing rails to be laid in the extension of the yard, and the plaintiff was ordered by the crane operator, also an employee of Scholes, to stop the car by using the hand brake. In attempting to do so he fell off the car, the wheels of which ran over him severing his legs.

Initially, the plaintiff instituted a suit based on diversity. The complaint alleged negligence and violation of the Safety Appliance Acts, 45 U.S.C.A. §§ 1–46. Subsequently the complaint was amended to set up an additional cause of action based on the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60. The plaintiff alleged that he was an employee of the Railroad at the time of the accident. The Railroad denied negligence and any violation of the Safety Appliance Acts and further asserted that Okolinsky's employer was not the Railroad but was Scholes. Since the court below was of the view that a determination of the issue of Okolinsky's employment by the Railroad would simplify substantially the course of the litigation, the trial court ordered that the issue of Okolinsky's employment be tried separately, and trial was had to the court. On December 15, 1959, the court handed down an opinion, 179 F.Supp. 801, in which it held that Okolinsky was not an employee of the Railroad and therefore was not entitled to the benefits of the FELA. The trial court granted Okolinsky leave to apply to this court for permission to file an interlocutory appeal, and we approved the application. 28 U.S.C. § 1292(b).

We have now reviewed the record in this case *in toto*. It appears, first, that the court below did not enter any order following the handing down of its opinion referred to in the preceding paragraph. It appears, second, that much of the evidence received in the trial on the issue of the applicability of the FELA, is also available to decide any issue arising under the Safety Appliance Acts, or arising at common law. We think that instead of expediting the litigation, the truncating of the trial, has resulted in delay. We are of the opinion that our granting leave to file the interlocutory appeal was error, even had a judgment or order been entered by the court below on its opinion. See Steele v. Wiedemann Machine Co., 3 Cir., 1960, 280 F.2d 380. But in any event we were without power to enter our order allowing the interlocutory appeal for we had no jurisdiction in the absence of an order by the court below. The appeal at bar will be dismissed for want of jurisdiction.